# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD L. AUSBORN,

:

    Petitioner,                          Case No. 3:07-cv-006

:         District Judge Thomas M. Rose
  -vs-                                    Chief Magistrate Judge Michael R. Merz

DEBORAH TIMMERMAN-COOPER,
  Warden,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

       Petitioner Richard L. Ausborn brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to seek relief from his conviction and sentencing in the Miami County Common Pleas Court on two counts of a four-count indictment for aggravated robbery. *State v. Ausborn*, Miami County CP Case No. 01-CR-159. The case is before this Court for initial review under Rule 4 of the Rules Governing §2254 Cases.

       The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") imposed a statute of limitations on habeas corpus cases. 28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002); *Day v. McDonough*, ___ U.S. ___, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

The record submitted by Petitioner shows that Judge Lindeman of that court imposed sentence by Entry filed January 7, 2002. As the Petition shows, Mr. Ausborn took no direct appeal from his conviction, which is hardly surprising since he pled no contest pursuant to a plea agreement. The time for filing a direct appeal expired thirty days after the Entry of sentencing, or on February 6, 2002. It was on that date that the statute of limitations began to run.H:\DOCS\Ausborn v. Timmerman-Cooper R&R.wpd It thus expired on February 6, 2003.

A properly-filed application for collateral relief will toll the statute under 28 U.S.C. §2244(d)(2). Mr. Ausborn at some point filed a petition for post-conviction relief under Ohio

Revised Code § 2953.21. Although it is required by the form of §2254 petition (See ¶ 11(a)(6)), Mr. Ausborn did not include that date in his Petition. The Court has caused the docket of the Common Pleas Court to be examined for that information and learned from the Clerk that the post-conviction relief petition was filed May 10, 2005. That process was eventually complete when the Ohio Supreme Court declined review on October 4, 2006. Entry, *State v. Ausborn*, Ohio Sup. Ct. Case No. 06-1100 (attached to Petition). Because Mr. Ausborn filed the post-conviction relief petition after the statute of limitations had already run, its filing has no effect on the calculation of the last date to file here. In other words, a prisoner cannot start the statute over by filing for post-conviction relief.

Because the statute of limitations expired almost four years before Petitioner filed in this Court, his Petition is barred by the statute and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, he should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

January 29, 2007.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate

Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).